## S89A0614. LOGGINS v. THE STATE.
(388 SE2d 675)

CLARKE, Chief Justice.

The defendant, Donald William Loggins, was convicted of the felony murder of Kenneth Randy Sloan, and sentenced to life imprisonment.[1] The defendant and Sandra Loggins had been recently divorced, and the defendant was under a court order to stay away from his former wife. On the evening of the homicide, the defendant confronted the victim and Sandra Loggins at her home, demanding that the victim leave. At Sandra Loggins' insistence the defendant departed; she then called the police. Sandra Loggins testified that the defendant returned to her home three times that evening, but she refused to let him in. Additionally the defendant called her three times. After Sandra Loggins and the victim had gone to bed the defendant broke into the house, entered the bedroom, and shot the victim.

Sandra Loggins testified that she awoke to see the defendant hitting the victim, who was still in the bed, in the head with a gun. The defendant then shot the victim. She testified that the defendant slapped her and told her to call the police.

The defendant testified in his own behalf, admitting he had broken into his former wife's home, but maintaining that the victim ran

---

[1] The crime was committed on August 17, 1988. The case was tried before a jury April 3-7, 1989, and the defendant was sentenced on April 7, 1989. His motion for new trial was denied August 18, 1989, and his appeal docketed in this court on September 28, 1989. His appeal was submitted on briefs on November 10, 1989.

toward him when the defendant entered the bedroom. The defendant testified the victim was killed when his gun discharged as they struggled. According to the defendant, he had a gun with him because Sandra Loggins had told him over the telephone that the victim was armed.

1. We hold that this evidence would authorize a rational trier of fact to find the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial the state announced its intention to introduce in evidence the defendant's 1979 conviction for the aggravated assault of Sandra Loggins, as well as a 1980 court order revoking the defendant's probation for the 1979 crime on finding that the defendant had committed a second aggravated assault on Sandra Loggins. The defendant objected to admission of this evidence on the ground that he had not been given timely notice under Uniform Superior Court Rule 31.1. This rule provides in pertinent part,

> Notices of the state's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten days before trial unless the time is shortened or lengthened by the judge.

The trial court overruled the defendant's objection on the ground that the evidence in question constituted prior difficulties between the defendant and Sandra Loggins, to which the time limitation of USCR 31.1 was not intended to apply. The evidence was then offered by the state to show that the defendant's motive in shooting the victim was his bent of mind toward Sandra Loggins.

The purpose of the time requirement of USCR 31.1 is fundamental fairness. The rule recognizes the difficulty of rebutting evidence of specific acts unless timely notice of the state's intention to offer evidence is given. Thus the rule applies to acts which are categorized as similar transactions, as well as to those acts or occurrences which are categorized as prior difficulties.

Therefore the trial court erred in ruling that the state was not required to comply with the notice requirement of USCR 31.1. However, we hold that in light of the overwhelming evidence against the defendant, it is highly probable that the admission of the evidence in question did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. The trial court gave the pattern charge on voluntary manslaughter. The defendant argues the trial court erred in failing to additionally charge that conduct other than words and menaces could constitute sufficient provocation to reduce murder to voluntary man-

slaughter. We find no error. It is undisputed that defendant made no written request to charge this language. *Pope v. State*, 256 Ga. 195 (15) (345 SE2d 831) (1986). Furthermore, the charge given was adjusted to the evidence presented at trial.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1990 —
RECONSIDERATION DENIED MARCH 16, 1990.

*Roland H. Stroberg,* for appellant.

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.