## S91A0682. WHITENER v. THE STATE.
(407 SE2d 735)

FLETCHER, Justice.

Roy Dean Whitener appeals from his convictions of malice murder, armed robbery, and possession of a firearm during the commission of a crime. He was sentenced to two terms of life imprisonment and to one term of five years, all to be served consecutively.[1] Whitener appeals and we affirm.

The victim, Dub Wood, worked as a night security guard at the Union Tank Car Company in Lowndes County. On the morning of January 21, 1990, Wood's body was discovered by the security guard who was coming on duty to relieve Wood. Wood had been shot numerous times and his wallet was missing.

During the investigation of Wood's murder, Whitener was charged with arson in relation to a fire that had occurred in neighboring Brooks County, Georgia, on February 16, 1990. During the investigation of that arson, Whitener's friend, Jason Awker, was questioned and informed the detective who questioned him that Whitener had confessed to him of killing Wood in Lowndes County. Awker also told the detective that Whitener had told him the following: the location of Wood's missing wallet, that Whitener had shot Wood 12 times and placed the spent shells in the ashtray of his car to hide them, that Whitener had wanted to drink Wood's blood and keep his head but was frightened and left the scene of the crime, and that Whitener wanted to become a vampire.

Awker also informed the detective that Whitener had given Awker the murder weapon. During the investigation of the Brooks County arson, a gun had been found hidden in a couch in the home of Awker's mother. In response to Awker's statements about Wood's murder, that gun was tested and ballistics evidence revealed that it had been used to kill Wood.

1. Whitener argues that there was insufficient evidence to authorize his convictions. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Whitener guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Whitener also contends that the trial court erred by permitting the introduction into evidence of his notebook containing hiero-

---

[1] The crimes occurred on January 21, 1990. Whitener was arrested on March 16, 1990 and was indicted on October 8, 1990. The case was tried from January 7 through 9, 1991. He was found guilty by a jury and sentenced on January 9, 1991. Whitener did not file a motion for new trial; he appealed directly to this court. The case was docketed in this court on February 20, 1991 and submitted for decision without oral argument on April 5, 1991.

glyphic religious drawings and references to the occult. He argues that the notebook placed his character in issue.

The trial court properly permitted the state to introduce the notebook into evidence as it was relevant to show a possible motive for the murder. "While motive is not an essential element in the proof of the crime of murder, the State is entitled to present evidence to establish that there was a motive." *Johnson v. State*, 260 Ga. 457, 458 (396 SE2d 888) (1990). Such evidence is relevant to an issue in the case and is not rendered inadmissible merely by the fact that it incidentally places the defendant's character in issue. Id.

3. Whitener's remaining enumeration of error is without merit. *Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991.

*William D. Edwards*, for appellant.
*H. Lamar Cole*, District Attorney, *J. David Miller*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Thomas A. Cox, Jr.*, for appellee.