## A92A1766. RIDER v. THE STATE.
(428 SE2d 423)

BLACKBURN, Judge.

Phillip L. Rider was convicted of simple battery and acquitted of aggravated assault in an incident involving his former girl friend. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant first enumerates as error the trial court's decision to allow the State, over appellant's objection, to adduce testimony from the victim concerning prior difficulties between her and appellant without having given the advance notice required by USCR 31.1, 31.3.

The victim testified on direct examination that appellant had summoned her to his home to retrieve a television set they had bought together but for which he was no longer able to make the payments. She testified that after they exchanged heated words over her wish to take some photographs in appellant's possession, appellant kicked her in the back, slapped her, and struck her on the top of her head. On cross-examination, appellant's counsel sought to establish that the victim was angry with appellant because he had broken up with her and was now seeing another woman. The victim responded that she was angry with appellant but "didn't want to start another fight." Counsel then asked whether the couple had "other fights" and inquired "[w]hat were those fights over?" On redirect, the State then sought to question the victim concerning the details of other fights with appellant. In response to appellant's objection, the court held an extensive hearing outside the presence of the jury and ruled the evidence was admissible because appellant's defense and line of questioning had opened the door to the challenged testimony.

The Supreme Court held in *Maxwell v. State*, 262 Ga. 73, 74-75 (2) (414 SE2d 470) (1992) that the prior notice requirements of the Uniform Superior Court Rules and the procedure set forth in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) apply to evidence of prior difficulties between the defendant and the victim. It is undisputed that not all of those requirements were met here. Nonetheless, after a careful review of the trial transcript, we agree with the trial court's characterization of appellant's acts. Appellant sought to exclude further details concerning the same area of inquiry he had introduced. "One cannot complain of a result he procured or aided in causing ([cit.]) and induced error is not an appropriate basis for claiming prejudice. [Cits.]" *Hawkins v. State*, 195 Ga. App. 739 (395 SE2d 251) (1990). Accord *Littlefield v. State*, 197 Ga. App. 343 (2) (398 SE2d 375) (1990). Moreover, given that appellant admitted pushing and slapping the victim, the evidence against him was overwhelming, and thus "it is highly probable that the admission of the evidence in question did not contribute to the verdict. [Cit.]" *Loggins*

*v. State*, 260 Ga. 1, 2 (2) (388 SE2d 675) (1990).

2. Appellant also contends the trial court erred by refusing his request to charge the jury on the language of OCGA § 16-5-25. It is not error to fail to give the exact language requested by the defendant when the same principles are fairly given to the jury in the court's general charge. *Radford v. State*, 202 Ga. App. 532, 534 (1) (415 SE2d 34) (1992). The court did instruct the jury in substantially the same language of OCGA § 16-5-25 (indeed, in a manner more favorable to appellant than OCGA § 16-5-25). Accordingly, we find no error. See *Radford*, supra.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993.

*Summer & Summer, Daniel A. Summer*, for appellant.

C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney, for appellee.