S94A0678. HAWKINS v. THE STATE.
(448 SE2d 214)

SEARS-COLLINS, Justice.

Joshua Hawkins, Jr., the appellant, was convicted of two counts of malice murder for the shooting deaths of his wife, Gussie Hawkins, and another woman, Tomiko Smith. Hawkins received two life sentences, to run concurrently.[1]

---

[1] The crimes were committed on January 27, 1993, and Hawkins was indicted on June 18, 1993. The guilty verdicts were returned on July 28, 1993, and the sentences were imposed the same day. Hawkins filed his notice of appeal on August 24, 1993. The court reporter certified the transcript on January 7, 1994. The case was docketed in this court on February

1. Construed in the light most favorable to the verdict, the evidence reveals the following: On Sunday, January 24, 1993, Gussie Hawkins reported to the police that during an argument the previous night the appellant had threatened to shoot her. The next day, an arrest warrant was issued against Hawkins charging him with aggravated assault. The following Wednesday night, January 27, the two victims were shot to death in the driveway of the Hawkins' trailer. After the shooting, a witness saw the appellant standing over his wife's body holding a gun before fleeing in his pickup truck.

Gussie Hawkins was shot four times in the chest and lower back with a .20 gauge shotgun from a distance of less than ten feet. Tomiko Smith was shot once in the hip and once in the forehead from a distance of less than six inches with a .25 caliber automatic pistol. Police found the pistol that was used to shoot Smith on the ground near Smith's body. When police found Hawkins and his truck, they found shotgun shells on the truck seat and a shotgun in the bed of the truck which matched the weapon used to kill Gussie Hawkins. Also on the seat of Hawkins' truck was a box of .25 caliber bullets.

We hold that the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Hawkins is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hawkins argues that the trial court erred in admitting evidence of the arrest warrant and of Gussie Hawkins' report of his threats to the police because the warrant was "frivolous" and the charges unsubstantiated. We disagree. The appellant made the same arguments to the trial court in a pretrial hearing held pursuant to Uniform Superior Court Rule 31.3, see *Barrett v. State*, 263 Ga. 533, 535 (436 SE2d 480) (1993); see also *Stewart v. State*, 263 Ga. 843, 844-845 (440 SE2d 452) (1994), at which the trial court heard the arguments of counsel and the testimony of the officer to whom Gussie Hawkins made her complaint. We hold that the trial court correctly concluded that the evidence was excepted from the hearsay rule by necessity, the declarant being unavailable because of her death, see *McKissick v. State*, 263 Ga. 188, 189 (3) (429 SE2d 655) (1993); see also *Roper v. State*, 263 Ga. 201, 202 (429 SE2d 668) (1993), and the statement being replete with indicia of reliability, see *Mooney v. State*, 243 Ga. 373, 390 (254 SE2d 337) (1979). We further hold that the trial court correctly found the evidence relevant to show the appellant's intent and continuing course of conduct. See *Maxwell v. State*, 262 Ga. 73, 75 (414 SE2d 470) (1992); see also *Williams v. State*, 250 Ga. 553, 560 (300 SE2d 301) (1983). Therefore, we find no error in the trial court's ad-

3, 1994, and was submitted for decision on March 28, 1994.

mission of the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Donald E. Strickland,* for appellant.

*J. Brown Moseley, District Attorney, Ron S. Smith, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.