S94A1746. PRINCE v. THE STATE.
(452 SE2d 497)

THOMPSON, Justice.

Kevin Tremain Prince was convicted of malice murder and felony murder while in the commission of an aggravated assault in connection with the shooting death of Dewayne Allen Palmer; possession of a firearm during the commission of a crime; and possession of a firearm by a convicted felon.[1] The murder convictions were merged for purposes of sentencing. Prince was sentenced to life imprisonment for malice murder and to consecutive terms of years for the firearms offenses. He appeals from the judgment of conviction and sentences entered thereon, following the denial of his motion for new trial.

The victim was a customer inside a convenience store when Prince, accompanied by James Stacey Lyons, Isaiah McCord, and Leon Bennett,[2] drove into the parking lot. One of the occupants of the car stated, "There he is," and McCord and Bennett who were armed with semi-automatic weapons began firing into the store. The unarmed victim emerged from the store and scuffled with Bennett. McCord shot the victim, wounding him. As the victim struggled to get up from the ground, Prince exclaimed, "You're not dead yet," and fired a final gunshot into his head. The cause of death was a gunshot wound to the head. It was shown that Prince and the victim had been involved in an altercation two days prior to the shooting.

1. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Prince guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court deferred ruling on the State's pre-trial motion in limine to prohibit inquiry into criminal drug charges allegedly

---

[1] The crimes occurred on August 9, 1991. Defendant was indicted on January 22, 1992. Trial commenced on April 22, 1992, a verdict was returned on April 24, 1992, and sentencing took place on May 27, 1992. A motion for new trial was filed on June 16, 1992, amended on April 29, 1994, and denied by order filed July 7, 1994. Notice of appeal was filed on July 13, 1994, the case was docketed in this Court on August 10, 1994, and was submitted for decision without oral argument on October 3, 1994.

[2] Isaiah McCord and James Stacey Lyons were also named in the indictment. Prince and Lyons were tried jointly. At time of trial McCord was a fugitive and Bennett was deceased.

pending against a state's witness. During trial Prince was allowed to question the witness without limitation concerning his involvement in drugs, which he consistently denied. Since Prince neither attempted nor was denied the opportunity to inquire into the alleged pending criminal charges, his cross-examination of the witness was not improperly restricted. This claim of error presents nothing for review.

3. Prince contends that he was irreparably prejudiced by the trial court's failure to bifurcate trial of the convicted felon firearms charge from the remaining offenses, and that evidence of prior felony convictions was erroneously admitted without limiting instructions. Admittedly, no motion to bifurcate was made by counsel. See *Head v. State*, 253 Ga. 429 (3) (322 SE2d 228) (1984). However, the jury was instructed "to consider any prior criminal record of the defendant, as such has been proved to your satisfaction beyond a reasonable doubt, only as to the count in the indictment charging the defendant with possession of a firearm by a convicted felon [and not] in connection with any other charge. . . ." Because Prince made no motion to bifurcate the trial of the convicted felon firearms count and the trial court gave limiting instructions to the jury, we find no reversible error.

4. Prince contends that evidence of prior difficulties between himself and the victim was erroneously introduced in the absence of a hearing as required by USCR 31.3, and in violation of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), and its progeny.

The State served notice of its intent to present evidence of the altercation which occurred two days prior to the shooting, involving the victim, Prince, and his cohorts who were the same participants at the time of the fatal shooting. Prince sought to exclude this evidence by means of a motion to suppress. In pre-trial proceedings, the prosecutor summarized the evidence it proposed to introduce at trial. The court ruled the evidence admissible, but did not specify for what purpose. At trial, the evidence was introduced without objection on Rule 31 procedural grounds, via the testimony of a spectator to the prior altercation.

Compliance with USCR 31 is mandatory with respect to acts or occurrences of "prior difficulties" between the victim and the defendant, even those occurring recently. *Stewart v. State*, 263 Ga. 843 (1) (440 SE2d 452) (1994); *Maxwell v. State*, 262 Ga. 73 (2) (414 SE2d 470) (1992). Accordingly, the trial court is required to conduct a USCR 31.3 (B) hearing to determine that

(1) there is sufficient evidence that the prior difficulty occurred; (2) that the evidence is offered for an appropriate purpose; and (3) that there is a sufficient probative connection between the crime charged and the prior difficulty to justify admission of the prior difficulty into evidence.

*Stewart*, supra at 844.

While the trial court conducted such a hearing, it failed to specify that the obviously admissible evidence was offered for an appropriate purpose.[3] Even assuming error, we hold that admission of the evidence was harmless since it is highly probable that it did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

5. Prince contends that his counsel was ineffective because he failed to request bifurcation of the trial of the firearms charge.[4] After a hearing, the trial court denied Prince's motion for new trial on this and every other ground asserted.

Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Prince must demonstrate both that his counsel's performance was deficient and that he was prejudiced to the degree that the outcome of the trial would have been different had counsel sought to bifurcate the proceedings. Prince has not met this burden. The trial court's denial of his motion for new trial on the ground that he was denied effective assistance of counsel is accordingly affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1995.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, William C. Davison, Charles R. Sheppard, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General*, for appellee.

---

[3] See *Barrett v. State*, 263 Ga. 533, 534 (2) (436 SE2d 480) (1993), which sets forth a non-exhaustive list of the many legitimate reasons for the introduction of such evidence, "all of which involve some sort of probative connection between the crime charged and the prior act."

[4] He also claims that counsel failed to request limiting instructions; however, as shown in Division 3 herein, the record does not support this contention.