## A96A0664. SMITH v. THE STATE.
(472 SE2d 4)

McMURRAY, Presiding Judge.

Defendant Smith appeals his conviction of the offenses of kidnapping, armed robbery, and criminal attempt to rape. *Held*:

1. Defendant attempted to testify as to the victim's accusation that another person was the perpetrator of the crimes of which he now stands convicted. The prosecuting attorney objected sufficiently to invoke the rule stated in *Strickland v. State*, 205 Ga. App. 473 (422 SE2d 312), that before admitting evidence of prior false accusations by a victim of a crime within the proscription of the rape shield law, the trial court must first determine outside the presence of the jury that a reasonable probability of falsity exists. Since defendant had failed to establish, or even offer to establish, the required foundation outside the presence of the jury for the testimony in question, the trial court did not err in sustaining the objection to defendant's testimony.

2. In the second enumeration of error, defendant complains that his identification by the victim in a one-on-one showup was impermissibly suggestive. But this issue was not preserved by any motion or objection below. While the record does contain a motion to suppress evidence, we note that the factual predicate stated therein is not consistent with the evidence developed at trial and that we are not referred to any ruling or attempt to elicit a ruling thereon. Under these circumstances nothing related to this enumeration of error has been preserved for appellate review. *Harrison v. State*, 213 Ga. App. 366, 367 (1) (444 SE2d 613).

3. Defendant's third enumeration of error complains of an inaccuracy in the opening statement of the prosecuting attorney. The prosecuting attorney stated an expectation that the evidence would show that the victim had identified the defendant by his voice while the testimony at trial established that this statement was not true. While such a failure by the prosecution to present the evidence anticipated is generally favorable rather than harmful to a defendant and seems most unlikely to be the source of reversible error, in this instance the issue has been waived due to the absence of any objection below. Id. While defendant would have us excuse the absence of an objection because the alleged inaccuracy of the statement of the prosecutor could not have been known at the time it was uttered, this argument does not acknowledge that any misstatement must have become apparent when the victim testified that she had not heard the defendant's voice since the commission of the crimes. Since the requirement for timely objections means at the first practicable opportunity after the basis for objection becomes known and that opportunity having arisen during trial, the failure to object below

results in a waiver as to this issue. *Seabrooks v. State*, 251 Ga. 564, 566 (1), 567 (308 SE2d 160).

4. The final enumeration of error questions the sufficiency of the evidence. That evidence, viewed in the light most favorable to sustaining the verdict of the jury, shows that the victim was waiting near a bus station to meet a bus carrying her granddaughter when, shortly after 3:30 a.m., defendant dragged her against her will to a nearby field where he threw her down, demanded money, and choked and threatened her. Defendant then threatened the victim with a pistol while he continued to demand money. The victim surrendered a sum of money and some food stamps to defendant who then removed the victim's pants and panties before inserting his finger in her vagina. At this point, the victim collapsed and blacked out. This evidence was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the offenses of which he has been convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 14, 1996.

*Martin H. Eaves*, for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.