S96A0888. CRUMBLEY v. THE STATE.
(478 SE2d 132)

FLETCHER, Presiding Justice.

Timothy Crumbley was convicted of felony murder in connection with the burning death of his wife, Merry Christine Sumner.[1] He challenges the state's introduction of prior acts of violence against the victim. Because the prior act evidence was admitted for a proper purpose and the state presented sufficient evidence that Crumbley ignited the fire, we affirm.

1. The evidence presented at trial shows that Sumner died in the

---

[1] The crime occurred on February 10, 1993, and Crumbley was indicted in November 1993. On November 18, 1994, the jury found Crumbley guilty of arson and felony murder; the arson count merged with the murder count; and the trial court sentenced Crumbley to life imprisonment. Crumbley filed a notice of appeal on December 13, 1994, and a motion for new trial on December 19, 1994. On January 19, 1995, this Court dismissed his appeal without prejudice and remanded to the trial court for a hearing on the motion for a new trial. The trial court denied that motion on January 23, 1996, and Crumbley filed a notice of appeal on February 12, 1996. The case was docketed on February 26, 1996, and submitted for decision on briefs on April 22, 1996.

back seat of a car in which she was living with Crumbley. A neighbor testified that she saw Crumbley walking away from the car while the back seat was in small flames and that within six minutes the flames started a rolling motion. Firefighters testified that water was ineffective in putting out the fire, the fire kept flaring up as they tried to extinguish it, and they needed 500 gallons of water to put out the fire rather than the typical 75 to 100 gallons for a car fire. Fire investigators testified that they eliminated accidental causes of the fire and found evidence of an accelerant in the fire's "pour and run" patterns. Their opinion was that the car was intentionally set on fire with gasoline. The crime lab report found evidence of evaporated gasoline in two soil samples taken next to the car and in clothing taken from the rear seat of the car. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Crumbley guilty of the crime charged.[2]

2. Before introducing evidence of prior difficulties between the victim and the defendant, the state must give notice and the court must hold a hearing under Uniform Superior Court Rule 31.[3] At the hearing, the state must show that there is sufficient evidence that the prior difficulty occurred, the evidence is offered for an appropriate purpose, and there is a sufficient probative connection between the crime charged and the prior difficulty to justify admission of the prior difficulty.[4]

The evidence of prior difficulties between Crumbley and Sumner met the necessary requirements. The state gave sufficient notice, the trial court held a hearing, and the state made the required showings concerning incidents of domestic violence between 1989 and 1993 by Crumbley after he and his wife had been drinking. First, the testimony of Sumner's two sisters provided sufficient evidence that the incidents occurred. Second, the state offered the evidence to show motive and that the crime was not committed by accident as the accused contended.[5] Finally, the state proved a sufficient probative connection between the death of Sumner and Crumbley's prior acts of physical violence against her to justify admission of the evidence.[6]

*Judgment affirmed. All the Justices concur.*

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Loggins v. State*, 260 Ga. 1 (388 SE2d 675) (1990); *Maxwell v. State*, 262 Ga. 73 (414 SE2d 470) (1992).

[4] *Stewart v. State*, 263 Ga. 843 (440 SE2d 452) (1994); *Maxwell*, 262 Ga. at 75.

[5] See *Barrett v. State*, 263 Ga. 533 (436 SE2d 480) (1993).

[6] See *Clark v. State*, 265 Ga. 243, 245 (454 SE2d 492) (1995).

DECIDED DECEMBER 5, 1996.

*Nancy K. Peterson, Stacy S. Levy,* for appellant.

*J. Tom Morgan III,* District Attorney, *Barbara B. Conroy, Robert M. Coker, Thomas S. Clegg,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Allison Goldberg,* Assistant Attorney General, for appellee.