S96A1854. WARBINGTON v. THE STATE.
(479 SE2d 733)

CARLEY, Justice.

A jury found Frankie Warbington guilty of the malice murder of his live-in girl friend and the trial court entered a judgment of conviction and a life sentence on that verdict. The trial court denied Warbington's subsequent motion for a new trial and he appeals.[1]

1. The victim died from multiple blunt injuries to her head, consistent with a beating administered by fists or hands rather than a

[1] The crime was committed on February 6, 1995 and the grand jury indicted Warbington for malice murder on May 15, 1995. The jury returned its guilty verdict on November 9, 1995. The trial court entered the judgment of conviction and life sentence on November 17, 1995. Warbington filed his motion for new trial on December 11, 1995 and the trial court denied that motion on July 9, 1996. Warbington filed his notice of appeal on August 6, 1996 and this Court docketed his appeal on August 15, 1996. Warbington submitted the case for decision on October 7, 1996.

club or stick. Earlier on the evening of the homicide, witnesses observed Warbington strike the victim. Throughout the evening, the sounds of a fight were heard coming from Warbington's and the victim's residence. A neighbor overheard Warbington threaten to beat the victim "to death." Warbington told another neighbor that he had beaten the victim and her son "half to death." After the victim's son called 911, but before the authorities arrived, Warbington left the scene and hid under his brother's nearby house. After his arrest, Warbington gave a statement wherein he admitted that he "whipped both" the victim and her son. This evidence is sufficient to authorize a rational trier of fact to find proof of Warbington's guilt beyond a reasonable doubt for the malice murder of the victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Warbington enumerates as error the admission of evidence of his "prior difficulties" with the victim, urging that there was no compliance with the procedural requirements of Uniform Superior Court Rule (USCR) 31. Warbington correctly asserts that the State would have to comply with USCR 31 before it introduced the topic of his "prior difficulties" with the victim. *Maxwell v. State*, 262 Ga. 73, 74 (2) (414 SE2d 470) (1992). Here, however, the topic of "prior difficulties" first was introduced by defense counsel on the cross-examination of a State's witness. Warbington cannot complain that, in the subsequent redirect examination of its witness, the State pursued the topic of "prior difficulties" that his own counsel previously had introduced. *Williams v. State*, 263 Ga. 135, 137 (5) (429 SE2d 512) (1993). Moreover, when the State did pursue the topic on redirect examination of its witness, defense counsel not only failed to object, but also elicited on recross-examination even more details of "prior difficulties" between the victim and Warbington. " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cit.]" *Dennard v. State*, 263 Ga. 453, 456 (6) (435 SE2d 26) (1993). Accordingly, even if defense counsel had not opened the door to the topic on cross-examination, the failure to raise an objection on redirect examination would preclude a finding of reversible error.

3. The trial court held a *Jackson-Denno* hearing to determine the admissibility of Warbington's in-custody statement. At that hearing, the State produced evidence which would authorize a finding that Warbington freely and voluntarily made the statement after waiving his rights. Warbington introduced nothing in opposition, but he urges that the State's witnesses lacked credibility. However, the credibility of the State's witnesses was for the trial court and, based upon a review of the transcript of the *Jackson-Denno* hearing, there was no error in the trial court's determination that Warbington's statement was admissible into evidence. *Lawton v. State*, 263 Ga. 168, 171 (2)

(429 SE2d 921) (1993).
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Jackson & Associates, Joseph M. Williams,* for appellant.
*Charles H. Weston, District Attorney, Pamela Y. White-Colbert, Robert J. Lasseter, Thomas J. Matthews, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.