, S97A1479. McCORD v. THE STATE.
(491 SE2d 360)

CARLEY, Justice.

The grand jury indicted Isiah McCord, along with James Lyons and Kevin Prince, for three crimes: the malice murder of Dwayne Palmer; commission of an aggravated assault against Thomas Mims; and possession of a firearm during the commission of a crime. Lyons and Prince were tried together. The jury found them guilty and, in prior appeals, this Court affirmed their convictions and sentences. *Lyons v. State*, 265 Ga. 407 (456 SE2d 585) (1995); *Prince v. State*, 264 Ga. 867 (452 SE2d 497) (1995). At McCord's separate trial, the jury found him guilty and he appeals from the judgments of conviction and sentences entered by the trial court on the guilty verdicts.[1]

1. The evidence, when construed most strongly against McCord, shows the following: Prince and Palmer had a prior altercation. Prince, while accompanied by McCord, Lyons and a fourth accomplice, began searching for Palmer and found him at a convenience store. McCord pointed his gun at Mims, who was waiting for Palmer outside the store, and threatened to shoot him. When Palmer left the store, a struggle ensued. McCord shot Palmer, who fell to the ground. Prince then shot Palmer twice in the head. This evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable

---

[1] The crimes occurred on August 9, 1991 and the grand jury returned the indictment on January 22, 1992. The jury found McCord guilty on August 16, 1994. On August 30, 1994, the trial court entered its judgments of conviction and sentenced McCord to life for the malice murder, a twenty-year term for the aggravated assault and a five-year term for the firearm possession offense. Also on August 30, 1994, McCord filed his motion for new trial. The trial court denied the motion for new trial on April 25, 1997. On May 15, 1997, McCord filed his notice of appeal and the case was docketed in this Court on June 6, 1997. The appeal was submitted for decision on July 28, 1997.

doubt of McCord's guilt of the malice murder of Palmer, the aggravated assault against Mims and the firearm possession offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lyons v. State*, supra; *Prince v. State*, supra.

2. Evidence of McCord's commission of a previous aggravated assault was admitted over his objection to the lack of sufficient similarity between that crime and those for which he was being tried. The prior aggravated assault was not identical. It was, however, similar in that McCord was shown to have instigated an altercation and then shot at his victim. Thus, proof of McCord's commission of that prior aggravated assault was relevant to show his propensity for using weapons to escalate a confrontation which he had precipitated. *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995); *Edwards v. State*, 261 Ga. 509 (1, 2) (406 SE2d 79) (1991); *Sport v. State*, 253 Ga. 689 (1) (324 SE2d 184) (1985). The evidence was, therefore, properly admitted over McCord's objection.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*Richard O. Ward,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.