A97A2522. KING v. THE STATE.
(496 SE2d 312)

BIRDSONG, Presiding Judge.

Stanley King appeals his conviction for possession of methamphetamine in his bodily fluid. See OCGA § 16-13-30 (a). He contends the trial court erred by allowing introduction of evidence concerning a similar transaction regarding a 1984 conviction for sale of methamphetamine; that the trial court erred by its charge on similar transaction; and the trial court also erred by denying his motion for a directed verdict. *Held*:

1. King first contends the trial court erred by allowing introduction of evidence concerning his 1984 convictions for sale of methamphetamine because the transactions were not so similar that proof of the 1984 offenses proved anything about the present offense. The

trial court, however, permitted the State to introduce evidence of the 1984 drug sales because the court found that "both charges involve the possession of methamphetamine, and the Court finds that proof of one tends to prove the other and that the evidence is offered for the purpose of showing intent, bent of mind, motive, and course of conduct." On appeal, the State contends that the evidence was properly admitted to prove intent and that there is no requirement that the similar transaction and the offense being tried be identical. See *Cantrell v. State*, 212 Ga. App. 288 (441 SE2d 879); *Woolfolk v. State*, 202 Ga. App. 59 (413 SE2d 242). Indeed, "[t]he test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citation and punctuation omitted.) *Maggard v. State*, 259 Ga. 291, 293 (380 SE2d 259). "Similarity is an important factor in determining the admissibility of the extrinsic crime; however, it is not the only factor, nor is it necessarily the controlling factor. The ultimate issue for admissibility is whether the evidence of other crimes has relevance to the issues in the trial of the case at bar. Depending on the purpose for which the extrinsic evidence is offered, the State may be required to prove a high degree of similarity between the relevant characteristics of the extrinsic crime and the crime charged, or it may have only the burden of showing a logical connection between the crimes which are essentially dissimilar. *Ward v. State*, 262 Ga. 293, 295 (2) (417 SE2d 130)." *Harris v. State*, 222 Ga. App. 52, 54 (473 SE2d 232).

Consequently, proof of a distinct, independent, and separate offense is never admissible unless there is some logical connection between the separate offense and the offense for which the accused is on trial so that proof of the separate offense establishes the offense for which the accused is on trial. *Williams v. State*, 261 Ga. 640, 641 (409 SE2d 649). To assure a defendant a fair trial on this issue, before evidence of independent offenses or acts may be admitted in evidence, the trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3 (B) at which the State must show affirmatively as to each independent offense or act it seeks to introduce: (1) the evidence of the independent offense or act is not intended to raise an improper inference about the accused's character, but will be introduced for a purpose which is an exception to the general rule against inadmissibility, e.g., a system of mutually dependent crimes, or to show guilty knowledge, or identity, or articles connected with the offense, or prior attempts by the accused to commit the same crime upon the same victim, or to prove malice, intent, motive, or state of mind, if such is an element of the offense now charged; (2)

there is sufficient evidence to prove the accused committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act that proof of the former tends to prove the latter. After the hearing, the trial court must find specifically on the record that the State has made a satisfactory showing that each of these elements has been made as to each independent offense or act. *Williams v. State*, supra at 642.

Further, the State must show facts establishing both that the accused committed the independent offense or act and the connection or similarity between the independent offense or act and the offense now charged is sufficient so that proof of the former tends to prove the latter. *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483). "Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." (Emphasis in original.) *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321).

Considered in this light, we find that the trial court erred by admitting evidence of King's 1984 convictions for sale of methamphetamine and other drugs. Even though methamphetamine was involved in the crime at bar and in some of the other drug offenses, that is the end of the similarities among the offenses. The other offenses involved sales and not use of the drug.

We cannot agree with the trial court's determination. The facts testified to at trial show that other than the fact that the earlier offenses to some extent involved methamphetamines, there are no significant similarities between these offenses. In the earlier offenses, the drugs were sold to an undercover officer. In the present case, King was charged with possession of the methamphetamine in his bodily fluid. Thus, he was using, not selling the drug or possessing the drug for sale. Although the prosecutor urged, and the trial court found, that the prior crime was introduced to prove "intent, bent of mind, motive and course of conduct," there is nothing about the earlier offense that proved the second. *Stephens v. State*, supra. Now on appeal the State argues that the prior offense was admissible to prove intent, but the State does not explain how the sale of drugs in 1984 proves the intent to use drugs in this offense. Moreover, while theoretically motive may always be relevant in a criminal prosecution, motive was not an issue in this case, and it would appear the motive to sell drugs might differ substantially from the motive to possess drugs in one's bodily fluids. In the same manner neither bent of mind nor course of conduct was an issue here unless the prosecution intended to show King's propensity to commit drug crimes. Under our law, however, that is not a permissible basis for introducing similar transaction evidence. *Williams*, supra at 641. Although our Supreme Court held in *McCord v. State*, 268 Ga. 499, 500 (491 SE2d 360), that evidence of a prior similar transaction was admis-

sible to show that appellant's "propensity for using weapons to escalate a confrontation which he had precipitated," that is not the same thing as permitting similar transaction evidence to be admitted to show a propensity to commit criminal acts in general or a certain type crime in particular. The holding in *McCord* is more analogous to admitting this evidence to show scheme, plan, design, and modus operandi. Thus, *McCord* is distinguishable and not controlling. To read *McCord* broadly would mean that the exception would have completely swallowed the rule stated in OCGA § 24-2-2. Moreover, although the ten years between the purported similar transactions and the present offense is but a factor to consider in whether evidence of the earlier offenses should be admitted, in this case the dissimilarities and the years between the offenses diminish the reason for admitting this evidence.

King's defense was that the drug was placed in his coffee without his knowledge or permission, and thus he lacked the requisite criminal intent. We note that if it were permissible to admit the prior drug sales in the trial of this case, then any earlier drug offenses would be admissible in any drug trial. That is not yet our law.

Accordingly, it was error to admit the evidence of the prior transaction, and since it cannot be said that the error was harmless, the conviction must be reversed. *Robinson v. State*, 192 Ga. App. 32, 34-35 (383 SE2d 593).

2. King also alleges that the trial court's charge to the jury on the similar transaction constituted reversible error because the charge used the term "offenses" when there was only one allegedly similar transaction and the trial court did not charge the jury properly on the purpose for which the evidence was submitted. In view of our disposition in Division 1, we address this issue because the issue may again arise if the case is retried. We find no error in the trial court's use of "offenses." Although there was only one conviction, King, in fact, was convicted of more than one offense. Under the circumstances, use of "offenses" was correct.

In regard to the legal validity of the charge given, the charge was the one King requested. Therefore, he cannot now complain that this charge was given. *Garner v. State*, 267 Ga. 884, 885 (485 SE2d 729). Moreover, we note that the charge given was the pattern charge suggested by the Council of Superior Court Judges of this state and which has been cited with approval in numerous appellate opinions. Although the more the pattern charge is tailored to the particular case the more helpful it would be to the jury, in this instance we find no error in giving the complete suggested charge as it is unlikely that giving the full charge would confuse the jury or result in harmful error.

3. King further contends that the trial court erred by denying his

motion for a directed verdict of acquittal. A motion for a directed verdict in a criminal case should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Alexander v. State*, 263 Ga. 474, 478 (3) (435 SE2d 187). The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). On appeal a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, supra at 527. Review of all the evidence in this manner reveals ample evidence, particularly the laboratory test results and King's statement to the police, from which any rational trier of fact could find beyond a reasonable doubt that King was guilty of possession of methamphetamines. *Jackson v. Virginia*, supra. Accordingly, the trial court did not err by denying the appellant's motion for a directed verdict of acquittal.

*Judgment reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 22, 1998

*Louis M. Turchiarelli*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.