S98A0493. WALL v. THE STATE.
(500 SE2d 904)

BENHAM, Chief Justice.

Appellant Robert David Wall was found guilty of malice murder and possession of a knife during the commission of a crime in connection with the death of his girl friend, Kathy Weaver.[1]

---

[1] The crime was alleged to have occurred between February 23 and 25, 1993. Appellant was arrested on February 25, and was indicted in March 1993 for malice murder, aggravated assault, and possession of a knife during the commission of a crime. His trial commenced February 14, 1994, and concluded with the jury rendering its guilty verdicts on February 18. Appellant was sentenced to life imprisonment on March 15, 1994, and filed a motion for new trial on April 4. That motion was denied on November 24, 1997, and a notice of appeal was filed the same day. The appeal was docketed in this Court on December 15, 1997, and submitted for decision on the briefs.

1. The victim's stabbed and strangled body was found February 25, 1993, in the mobile home the couple shared in Grovetown, Georgia. The victim had last been seen alive two days earlier. Appellant left town shortly after the victim was last seen, and admitted to his brother and a bartender upon his return to town on February 25 that he thought he had killed Ms. Weaver. A friend of Ms. Weaver testified that the victim had told him the last day she was seen alive that she wanted appellant to move out of the mobile home they shared, and appellant testified that the victim was very upset when she discovered that appellant had added his name to her lease of the mobile home. A co-worker of Ms. Weaver described the victim as "very upset and very frightened" on the last day she worked, and that the victim was reduced to tears by a telephone call she received that day from someone the victim addressed as "David." Photographs of appellant's hands, arms, shoulders, and neck, taken the day after appellant was arrested, showed several scratches. The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Stewart v. State*, 263 Ga. 843 (1) (440 SE2d 452) (1994).

2. In addition to the evidence summarized above, the State presented witnesses (a co-worker of the victim, a police officer, and a family friend) who testified that, on the last day she was seen alive, the victim had told each of them in separate conversations that appellant had threatened her. Appellant objected to the admission of this testimony on the ground that the State had not given the defendant the required notice necessary for the admission of evidence of prior difficulties, citing *Maxwell v. State*, 262 Ga. 73 (2) (414 SE2d 470) (1992). See also Uniform Superior Court Rule 31.1. Appellant also objected to the co-worker being allowed to read entries the victim had written on her planning calendar recording the defendant's threatening behavior toward her, and to the admission into evidence of the police officer's incident report memorializing the victim's conversation with him about appellant's purported threats. On appeal, appellant again takes issue with the admission of the evidence and the testimony concerning his prior difficulty with the victim.

Rule 31.3 of the Uniform Superior Court Rules authorizes the prosecution, upon filing notice and serving it on defense counsel at least ten days before trial, to request in writing permission of the trial court to present "evidence of similar transactions or occurrences" during the trial of the defendant's case. In *Loggins v. State*, 260 Ga. 1 (388 SE2d 675) (1990), this Court determined that the rule's requirement that a defendant be afforded pre-trial notification of the prosecution's intent to use specific bad acts was a matter of fundamental fairness, and held that the rule was applicable to "those

acts or occurrences which are categorized as prior difficulties" as well as acts categorized as similar transactions. Id. at 2. Relying heavily on the decision in *Loggins*, we held in *Maxwell*, supra, 262 Ga. at 74-75, and its progeny, that Rule 31 required the State to provide the defendant with notice of its intent to present evidence of prior difficulties between the defendant and the victim, even those difficulties occurring close in time to the victim's death, and required the trial court to conduct a hearing pursuant to USCR 31.3 (B) and make certain determinations before the evidence of prior difficulties between the victim and the defendant was presented to the jury. See *Prince v. State*, 264 Ga. 867 (4) (452 SE2d 497) (1995); *Stewart v. State*, supra, 263 Ga. at 845; *Barrett v. State*, 263 Ga. 533 (2) (436 SE2d 480) (1993).

Since the *Maxwell* decision, this Court and the Court of Appeals have repeatedly examined whether the prosecution and the trial court correctly followed Rule 31 and the *Maxwell* mandate when the admissibility of evidence of prior difficulties between the victim and the defendant was at issue. Only one conviction other than Maxwell's has been reversed due to the failure to follow *Maxwell* when such evidence was involved. See *Oliver v. State*, 207 Ga. App. 681 (428 SE2d 681) (1993). In most instances in which the merits of the issue were addressed,[2] the appellate courts have concluded that the admission of evidence of prior difficulties between the defendant and the victim was not harmful error, despite a failure to comply with *Maxwell*, because the "obviously admissible evidence" was offered "for an appropriate purpose" (*Prince v. State*, supra, 264 Ga. 867 at (4)), i.e., it was relevant to the issue of the defendant's motive for committing the crime charged[3] or to show the state of the relationship between the victim and defendant. *Simmons v. State*, 266 Ga. 223 (466 SE2d 205) (1996); *Fairbanks v. State*, 225 Ga. App. 666 (484 SE2d 693) (1997); *McTaggart v. State*, 225 Ga. App. 359 (2) (483 SE2d 898) (1997). We have often noted the sufficient probative connection

---

[2] The issue was held not to have been preserved for appellate review in *Williams v. State*, 267 Ga. 308 (3) (477 SE2d 570) (1996); *Hartman v. State*, 266 Ga. 613 (2) (469 SE2d 163) (1996); and *Parker v. State*, 220 Ga. App. 303 (5) (469 SE2d 410) (1996). In several cases, the merits of the issue were not addressed because the evidence at issue had been brought up by the defendant. See, e.g., *Warbington v. State*, 267 Ga. 462 (2) (479 SE2d 733) (1997); *Rider v. State*, 207 Ga. App. 519 (1) (428 SE2d 423) (1993).

[3] The State is entitled to present evidence of motive even though it is not an essential element of a crime, and because the probative value of evidence of motive outweighs the inherent prejudice of such evidence, it is not rendered inadmissible because it incidentally places the defendant's character in issue. *Whitener v. State*, 261 Ga. 567 (2) (407 SE2d 735) (1991). It should be noted, however, that not all evidence proffered as showing a defendant's motive or as portraying a prior difficulty between the defendant and the victim may be sufficiently relevant to those issues to permit their admission into evidence. See *Carr v. State*, 267 Ga. 701 (4) (482 SE2d 314) (1997).

between evidence of the victim's and the defendant's prior difficulties and the crime with which the defendant is charged. *Hull v. State,* 265 Ga. 757 (5) (462 SE2d 596) (1995); *Clark v. State,* 265 Ga. 243 (2) (454 SE2d 492) (1995); *Prince v. State,* supra, 264 Ga. 867; *Hawkins v. State,* 264 Ga. 484 (2) (448 SE2d 214) (1994); *Bohannon v. State,* 208 Ga. App. 576 (2) (b) (431 SE2d 149) (1993).

The rationale behind these decisions is sound — evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted. *Edwards v. State,* 262 Ga. 470 (2) (422 SE2d 424) (1992); *Lee v. State,* 261 Ga. 341 (2) (405 SE2d 33) (1991); *Gunter v. State,* 243 Ga. 651 (3) (256 SE2d 341) (1979). In *Maxwell* itself we acknowledged that such evidence was admissible because it demonstrated the defendant's motive, intent or bent of mind toward the victim and thereby established a logical, probative connection between the crime charged and the prior difficulty. Id., 262 Ga. 73 at (2) (b). Inherent in such evidence are the three affirmative showings the State must make and the trial court must find under *Maxwell* before the evidence may be admitted: the State seeks to introduce the evidence for an appropriate purpose as it tends to prove the defendant's motive or intent, or the state of the relationship between the victim and the defendant; there is sufficient evidence that the defendant and the victim were the parties involved in the prior difficulty; and there is a sufficient connection between the prior difficulty and the crime charged. After reviewing the case law which has developed since we decided *Maxwell,* we conclude that USCR 31.1 and 31.3 should not be applied to instances of prior difficulties between the defendant and the victim.[4] Accordingly, we overrule the holding in *Maxwell* and its progeny that a trial court must conduct a pre-trial hearing and make certain findings before evidence of prior difficulties between the defendant and the victim can be admitted at trial. However, the admission of such evidence should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence. *O'Toole v. State,* 258 Ga. 614

---

[4] Testimony concerning prior difficulties between the defendant and one not the victim of the crime for which the defendant is being tried remains subject to USCR 31. *Loggins v. State,* supra, 260 Ga. 1 at (2). Fundamental fairness dictates that a defendant be apprised before trial of specific acts not involving the victim which the State intends to use at trial to establish the defendant's motive, intent, or bent of mind in connection with the crime charged. Id.

(6) (373 SE2d 12) (1988); *Kettman v. State*, 257 Ga. 603 (7) (362 SE2d 342) (1987).

3. Appellant also complained at trial that *Maxwell* prohibited the admission of the police officer's incident report recounting the victim's complaint of threats purportedly made by appellant. In light of our decision to overrule *Maxwell*, appellant's enumerated error is without merit. While the admission of the officer's incident report might have been subject to a "continuing witness" objection, that objection was not raised and will not now be considered. *Flournoy v. State*, 266 Ga. 618 (2) (469 SE2d 195) (1996).

4. The admission of the victim's planning calendar on which she purportedly memorialized the defendant's purported telephonic threat, if error, was harmless as its cumulative nature and the overwhelming evidence of guilt make it likely that the admitted evidence did not contribute to the verdict. *Spearman v. State*, 267 Ga. 600 (3) (481 SE2d 814) (1997).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur specially.*

FLETCHER, Presiding Justice, concurring specially.

As the author of *Maxwell v. State*,[5] I acknowledge the problems resulting from it and I concur in overruling its holding that required a pre-trial hearing on evidence of prior difficulties between the victim and the accused. The rationale for providing notice to an accused of uncharged misconduct or "similar transactions" is rooted in due process: it is fundamentally unfair to obtain a conviction based on prior crimes wholly unrelated to the crime for which the defendant stands trial. This rationale, however, does not carry the same weight when the prior acts are between the accused and victim. The nature of the defendant's relationship with the victim will generally be relevant. A defendant should not be surprised when that relationship is subject to proof at trial, just as a defendant should not be surprised by evidence linking him to the weapon used or the scene of the crime. In these circumstances, fundamental fairness does not require advance notice to the defendant.

This does not necessarily mean, however, that the evidence is always admissible. Even if the evidence of prior difficulties is relevant to prove a material issue in dispute, the court must additionally weigh its probative value against its prejudicial effect before determining admissibility, as the trial court must do in determining the admissibility of prior act or "similar transactions" evidence. In balancing the probative value against the prejudicial effect, the trial

---

[5] 262 Ga. 73 (414 SE2d 470) (1992).

court may consider factors such as remoteness, the availability of other evidence to prove the disputed issue, strength of the proof of the prior act evidence, and possibility of juror confusion.

I am authorized to state that Justice Sears joins in this special concurrence.

DECIDED JUNE 1, 1998.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.