## 40114. COLLINS v. THE STATE.

GREGORY, Justice.

The defendant, Horace Collins, was convicted by a Paulding County jury of the murder of Diane Smith and sentenced to life imprisonment.

The defendant was indicted for Smith's murder along with Anthony King, Gene Reeves and the defendant's stepson, Ricky Fain. Subsequently King was granted immunity from prosecution in

exchange for his testimony against defendant.[1]

The Paulding County Medical Examiner testified at trial that the victim died from injuries inflicted when a motor vehicle ran over her. Due to the nature of the injuries, the medical examiner expressed his opinion that the victim had been lying down at the time she was struck. Other injuries indicated the victim had been beaten prior to death.

Anthony King testified that he met the victim at a nightclub in Austell. He arranged to go to her home in Atlanta and asked Fain, present in the nightclub with the defendant and Reeves, to drive them to Atlanta. After some deliberation the defendant agreed to drive them all to his home and to take the victim and King to Atlanta the following morning. Once at his home the defendant indicated that King and the victim might use one of his bedrooms. King testified after he and victim engaged in sexual relations, the defendant demanded that the victim have intercourse with him. When the victim refused, the defendant "beat her up" while Fain held her. King testified that the defendant and Fain thwarted his attempts to aid the victim. The defendant and Fain then carried the victim to the defendant's car, stating that they intended to take her back to Austell. The defendant, Fain and the victim sat in the front seat; King sat alone in the back seat. King stated that while the defendant drove, Fain pushed the victim out of the car. The defendant immediately turned the car around and ran over her. When King protested, the defendant told him to "shut-up or [the defendant] would do the same to [King]."

The defendant took the stand in his own behalf and testified that after returning to his house, the four men agreed among themselves that each would engage in sexual relations with the victim. The defendant testified that these plans changed when the victim and King began arguing and "moving furniture around." He told them to leave his house. He testified that they walked away and he never saw the victim again.

Fain and Reeves testified to essentially the same version of events as the defendant. Reeves added that when the victim and King left the defendant's house, he walked a short distance with them, then returned to the defendant's home.

(1) (a) The defendant argues that the trial court erred in denying his motion for directed verdict on the ground that King's testimony was not corroborated. The defendant points out under OCGA § 24-4-8 (Code Ann. § 38-121), where the sole witness in a

---

[1] Fain and Reeves had not been tried at the time of defendant's trial.

felony trial is an accomplice, there must be corroboration of the witness' testimony for a conviction to stand.

We hold as a matter of law that King was not an accomplice to the murder of Diane Smith. Under either version of the facts presented at trial there is no evidence to show King participated in the crime. Mere presence at the commission of a crime does not render the spectator an accomplice. *Allen v. State,* 74 Ga. 769 (1885). Contrary to defendant's position, the fact that King was indicted for the murder of Smith does not, without more, make him an accomplice. *Milton v. State* 248 Ga. 192 (282 SE2d 90) (1981). Nor does the fact that King concealed the crime make him an accomplice within the meaning of OCGA § 24-4-8 (Code Ann. § 38-121). *Moore v. State,* 240 Ga. 210 (240 SE2d 68) (1977).

(b) As we have determined King was not an accomplice, the trial court did not err in denying defendant's motion for new trial on this same ground.

(2) The defendant maintains that the State violated his right to discovery under Brady v. Maryland, 373 U.S. 83 (83 SC 1194, 10 LE2d 215) (1963), by failing to disclose King's pre-trial statement to police that he and the victim had walked away from the defendant's house together. At the hearing on the motion for new trial, Officer Hunt testified that this was one of many contradictory statements made by King during the investigation of the victim's death. The defendant argues this statement was exculpatory in that it corroborated the testimony of the defendant, Fain and Reeves and should have been made available to him by the State pursuant to his Brady motion.[2]

At the coroner's inquest on September 17, 1982, while being questioned by defendant's trial counsel, Officer Hunt testified that King had related "five or six different tales" concerning the events which occurred the night Smith died. The officer stated, "[King] told that he lived with her, I think, the last story that he told, and he walked up the road with her, maybe . . . and she left or something."

On October 6, 1982 the defendant made a motion for discovery in which he requested "all evidence or information in the possession of the police or prosecutor which tends to exculpate defendant or which aids in the preparation of the defense." The State opened its files to the defendant which included three transcribed statements made by King. The statement in question was not included among these.

Brady v. Maryland, supra, holds that "the *suppression* by the

---

[2] The defendant was represented by the same attorney at the coroner's inquest and at trial. A different attorney represented him at the motion for new trial and on this appeal.

prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (Emphasis supplied.) 373 U.S. at 87; *Harper v. State,* 249 Ga. 519, 528 (292 SE2d 389) (1982).

Defendant elicited the statement from Officer Hunt at the coroner's inquest. The defendant was clearly in possession of the transcript of the coroner's hearing as he used it in an attempt to impeach two witnesses at trial. Further, defendant cross-examined King at trial concerning King's statement to police that he "had walked down the road" with the victim. Defendant cannot now complain that the prosecution suppressed King's statement.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1983.

*Talley & Talley, James B. Talley, Jr.,* for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.