## S93A0375. THOMAS v. THE STATE.
(428 SE2d 564)

CLARKE, Chief Justice.

Appellant, Debra Thomas, paid $100 to Jeffrey Sean Roberts to kill her husband, $50 in advance and the remainder after the murder. On May 11, 1991, Thomas, Roberts, and co-defendant Tammy Carpenter took the victim to a room at a motel for some drinks. When Mr. Thomas passed out, Carpenter and Thomas went back to appellant's house. Meanwhile, Roberts slipped a ligature around the victim's throat and strangled him to death. Roberts went to Thomas' house, and the three returned to the motel room. They put the dead body in the back seat of a car belonging to Roberts' grandmother. Roberts and Carpenter then drove to the woods near Lake Allatoona

---

and disposed of the body.

The next day, a fisherman discovered the body and reported it to the police. On May 13, 1991, appellant filed a missing person report with the police. About a week later she moved to her parent's house in Kentucky where police eventually arrested her for the murder of her husband.[1]

In her defense, appellant claimed that she killed her husband because he was abusive and she feared he would kill her. The evidence presented by the prosecution, however, tended to show that appellant killed her husband because she was unhappy in her marriage. The jury convicted appellant and Roberts of malice murder. The trial court sentenced her to life imprisonment. Appellant appeals the trial court's order denying her motion for a new trial. We affirm the trial court's decision.

1. Viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's sole enumeration of error alleges that the trial court erroneously denied her motion for a new trial. In the motion, appellant contended that the trial court allowed prejudicial and irrelevant letters to and from the appellant and Roberts into evidence. We find no error and affirm.

Appellant and Roberts wrote several letters to one another while in the Whitfield County jail pending trial. Although they denied there was any sexual or platonic relationship between them until after the murder, the letters contained expressions of love as well as explicit sexual descriptions. The prosecution introduced these letters during the cross-examination of appellant to prove that appellant's motive was not self-defense.

> "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant."

*Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981) (*quoting Mc-Nabb v. State*, 70 Ga. App. 798, 799 (29 SE2d 643) (1944)). Since this evidence was probative of a relationship between appellant and Rob-

---

[1] Appellant was indicted following a special presentment on October 3, 1991. Appellant was convicted of malice murder on January 17, 1992, and sentenced to life imprisonment. The trial court denied appellant's motion for new trial on March 31, 1992. Appellant filed a notice of appeal on April 29, 1992. The case was submitted without argument to this court on February 3, 1993.

erts, its admission was not erroneous. The existence of a relationship between the two would show that the motive for the killing was, as the prosecution argued, to free Thomas from a bad marriage so the two co-defendants could be together. This would tend to disprove appellant's claim of self-defense; therefore, we find no error in the trial court's decision.

3. Appellant also claims that the state obtained the letters in violation of the Fourth Amendment prohibition against unreasonable searches and seizures. Jailers seized the letters from the co-defendants' cells. Jail officials also intercepted and copied letters as the appellant left them for Roberts under the jail barber's chair.

The application of the Fourth Amendment depends on whether there is a legitimate expectation of privacy in the object seized. To determine if an individual has such an expectation, the court must first decide whether the individual has manifested a subjective expectation of privacy. If so, then the court must determine if society is willing to recognize the individual's expectation of privacy as reasonable. *Smith v. Maryland*, 442 U. S. 735, 740 (99 SC 2577, 61 LE2d 220) (1979). In this case, even if appellant thought her letters were private, a line of cases of the United States Supreme Court indicates that her expectations are not legitimate. See *Lanza v. New York*, 370 U. S. 139 (82 SC 1218, 8 LE2d 384) (1962); *Bell v. Wolfish*, 441 U. S. 520 (99 SC 1861, 60 LE2d 447) (1979).

There are two groups of letters involved in this case: those intercepted by jail officials under the barber chair and those found as the result of searches of appellant's and Roberts' cells. The letters left by appellant and Roberts under the barber's chair are not protected. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U. S. 347, 351 (88 SC 507, 19 LE2d 576) (1967). If this is true for one's home or office, appellant can certainly have no legitimate expectation of privacy in items left in open areas in the public jail.

Any expectation of privacy a pretrial detainee may have in her cell is necessarily diminished. *Bell v. Wolfish*, supra. For security and maintenance purposes, jail officials must have access to the cells and personal effects of all prisoners (including pretrial detainees). Letters found as a result of these searches were not within the scope of protection of the Fourth Amendment and were therefore admissible.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 1993.

*J. Tracy Ward*, for appellant.
*Jack O. Partain III, District Attorney, Albert H. Tester, Assis-*

tant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney, for appellee.