## A00A0641. CUNNINGHAM v. THE STATE.
(533 SE2d 735)

PHIPPS, Judge.

Timothy Cunningham was convicted of raping the victim and committing aggravated assaults upon her with his fists and a razor box cutter. Following denial of his motion for new trial, Cunningham appeals his convictions. He charges the trial court with error in failing to instruct the jury that, to be admissible, prior difficulties between the parties must bear a sufficient similarity to the crimes charged. He also contends that a rape kit and blood vials should not have been admitted in evidence because of a break in the chain of custody. We find no merit in either contention and affirm.

Although Cunningham and the victim were romantically involved, he became increasingly abusive toward her after she moved into his apartment in July 1997. In August, she learned that she was pregnant with his child. In mid-December, he struck her with such force that she was taken to the hospital with a bleeding nose and broken lip and went into premature labor that was halted by medical intervention. After that incident, the victim moved in with her sister. In late December, Cunningham accosted the victim after he saw her out at night and again hit her in the face. The following month, the victim agreed to accompany Cunningham to his apartment where he became enraged and hit her. After their child was born in February 1998, Cunningham came to the victim's new residence ostensibly to pick up the baby. When the victim let him into the apartment, he began cursing and beating her because she had left him. He then

forced her and the baby to accompany him to his apartment.

The rape and aggravated assaults occurred on June 30, 1998. The victim had agreed to take the baby to a Wal-Mart parking lot to meet Cunningham. After the victim arrived, he forced her to drive her car to a secluded area while the baby was in the back seat. Once there, he made her have sexual intercourse with him by hitting her with his fists, holding a box cutter to her face, and threatening to cut her with it.

Afterward, the victim escaped with the child. En route home, she flagged down a police officer who accompanied her to a medical center where a rape examination was performed. DeKalb County Police Detective Florea testified that he delivered the rape kit to the Georgia Bureau of Investigation crime laboratory. DeKalb County Police Detective McCracken testified that he took vials containing samples of Cunningham's and the victim's blood to the crime lab. A serologist employed by the lab testified that DNA extracted from vaginal swabs in the victim's rape kit matched DNA taken from Cunningham's blood sample.

1. Cunningham argues that evidence of the prior difficulties between him and the victim was relevant only to the charge that he committed an aggravated assault upon her with his fists, because there was not a sufficient similarity between the prior difficulties and the other two crimes charged.

There is no merit in this argument. Evidence of prior difficulties between the parties is admissible if there is a "logical, probative connection" between the difficulties and the crimes charged.[1] The prior difficulties in this case unquestionably showed a pattern of simple batteries by Cunningham against the victim which culminated in the commission of aggravated assaults and rape. The requisite connection was thus established, and the trial court correctly instructed the jury that it could consider such evidence insofar as it showed the state of feeling between Cunningham and the victim, his bent of mind, and his course of conduct toward her. As recognized in *Wall v. State*, evidence of the defendant's prior acts toward the victim "be it a prior assault, a quarrel, or a threat"[2] is admissible when the defendant is accused of a criminal act against the victim. There is no requirement that the prior difficulty constitute a similar transaction.

2. DeKalb County police detectives delivered the rape kit and blood vials to personnel at the state crime lab. The recipients of these items affixed a stamp to them noting their receipt and then placed them in a compartment from which they were later retrieved by the

---

[1] *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).
[2] Id.

serologist. The recipients were not identified and, therefore, did not testify at trial. For these reasons, Cunningham argues that there was a break in the chain of custody.

It is, however, undisputed that the rape kit and blood vials were sealed when they were delivered to the crime lab, that they were stored in a locked compartment while at the crime lab (as noted on the receipt stamps), and that they remained sealed until they were examined by the serologist.

> Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible. . . . [Cit.][3]

It appears that the rape kit and blood vials were routinely handled when received by the crime lab. There is nothing in the record to raise a suspicion that there was any tampering with or substitution of these items. Under the circumstances, the absence of testimony from the personnel who received the items was not fatal to the chain of custody.[4]

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 11, 2000 —
RECONSIDERATION DENIED MAY 2, 2000.

*Peter M. Zeliff*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Keith E. Adams, Assistant District Attorneys*, for appellee.

---

[3] *Williams v. State*, 199 Ga. App. 122, 123 (2) (404 SE2d 296) (1991).

[4] See *Cook v. State*, 255 Ga. 565, 568 (4) (340 SE2d 843) (1986); *Johnson v. State*, 184 Ga. App. 745 (1) (a) (362 SE2d 450) (1987).