## A00A1996. APPLING v. THE STATE.
(541 SE2d 129)

JOHNSON, Chief Judge.

Kevin Appling was convicted of simple battery and making harassing telephone calls. He appeals, arguing that the court erred in admitting evidence of a prior difficulty between him and the victim because the probative value of the evidence was outweighed by its unfair prejudice. The argument is without merit, and we therefore affirm the convictions.

At trial, the state introduced evidence that on December 27, 1999, Appling had been drinking alcohol when he got into an argument with his girlfriend, Wanda Tangyuk, at her apartment. During the argument, he chased Tangyuk around the apartment and ultimately grabbed her and threw her into a bathroom door. Tangyuk suffered abrasions and bruises to her wrist and hand. Appling left the apartment. Tangyuk called the police, and an officer came to her apartment. While the officer was there, Appling telephoned Tangyuk repeatedly, even after the officer instructed him to stop calling.

The state also introduced evidence that four months earlier, on August 21, 1999, Appling was drinking alcohol and got into an argument with Tangyuk in her car. He grabbed Tangyuk by the hair and by the neck, pulled her out of the car, ripped her shirt, punched her on the forehead, knocked her to the ground, choked her and threatened to kill her. Tangyuk had injuries to her forehead, neck, arms, elbows and knees from the assault.

In support of his argument that the court erred in allowing this evidence of the prior incident, Appling mistakenly relies on cases involving similar transactions,[1] rather than cases involving prior difficulties between the defendant and the victim.

> Unlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. Evidence of a defendant's prior act toward the same victim, whether an assault, a quarrel, or a threat, is admissible as evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.[2]

---

[1] See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991); *Smith v. State*, 232 Ga. App. 290 (501 SE2d 523) (1998).

[2] (Citations and punctuation omitted.) *Hill v. State*, 243 Ga. App. 124, 125-126 (2) (532 SE2d 491) (2000).

Here, the trial court admitted evidence of Appling's August 1999 assault on Tangyuk as a prior difficulty between the parties, not as a similar transaction. The probative value of such evidence was not, as Appling suggests, outweighed by any unfair prejudice. Rather, such evidence was properly admitted in order to show the parties' relationship and to show Appling's motive, intent and bent of mind.[3] Appling has shown no basis for reversing the trial court's evidentiary ruling or his convictions.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 25, 2000.

*Tyrone M. Hodnett II*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Rosanna M. Szabo, Julie B. Prokopovich, Assistant Solicitors*, for appellee.

---

[3] See *Wall v. State*, 269 Ga. 506, 507-509 (2) (500 SE2d 904) (1998); *Temple v. State*, 238 Ga. App. 146, 147-148 (2) (517 SE2d 850) (1999).