## S01A0509. GIVENS v. THE STATE.
(546 SE2d 509)

CARLEY, Justice.

A jury found Linda Marie Hamilton Givens guilty of the malice murder of her husband, and the trial court entered a judgment of conviction and sentenced Ms. Givens to life imprisonment. The trial court denied the defendant's motion for new trial, and she appeals.[1]

---

[1] The crime occurred on December 23, 1997. The grand jury returned its indictment on September 2, 1998. The jury found Ms. Givens guilty on October 29, 1999, and the trial court entered the judgment of conviction and sentence on November 2, 1999. Ms. Givens filed a motion for new trial on November 12, 1999 and amended it on April 10 and June 8, 2000. The trial court denied that motion on August 28, 2000, and a notice of appeal was filed on September 14, 2000. The case was docketed in this Court on December 22, 2000 and orally

1. Construed in the light most favorable to the verdict, the evidence shows that Ms. Givens and the victim had a history of violence and that she shot him in the head a number of years before the homicide. In the months prior to the murder, Appellant solicited Clarence Gardner to kill her husband. She met with Gardner numerous times, gave him money three times, and promised that she would pay him more. Near the time of the murder, Ms. Givens made numerous telephone calls from her home phone and cell phone, including several pages to Gardner. According to Gardner, when he eventually went to Appellant's house, he found the victim already dead in a chair. He helped Ms. Givens move the body to the victim's truck, and left the truck on the side of the road. The cause of the victim's death was two gunshot wounds to the head.

Appellant contends that the circumstantial evidence did not exclude every other reasonable hypothesis save that of her guilt.

> However, questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. [Cit.]

*Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). Appellant also complains that Gardner, who was the key State's witness, had felony convictions and that there were numerous inconsistencies in his testimony. "However, resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. [Cit.]" *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000). According to Gardner, the defendant indicated to him that she was tired of being beaten and was frustrated with waiting for him to kill the victim. The victim forced her to leave their home just three weeks before the murder. At some point after accompanying the victim home, Appellant took a bath and began phoning and paging Gardner to ask him to come to her house. Her then-future husband, Al Walker, Jr., told police that she also asked him to come over to the house. The phone activity involved not only Gardner and Walker, but also defendant's mother, Marjorie Hamilton, all of whom were close to Appellant. After Gardner arrived, Ms. Givens repeatedly told him that they needed to move the body. The only other resident of the house was Ms. Givens' son, who did not arrive home until after removal of the body. There was no sign of

argued on March 12, 2001.

forced entry, and the sum of $20,000 in cash was left untouched. *Peppers v. State*, 261 Ga. 338, 339 (404 SE2d 788) (1991). Contrary to Appellant's assertion, the evidence showed far more than her mere presence near the time of the victim's death. In rendering its verdict, the jury found that the evidence excluded all reasonable hypotheses except that of guilt. *Roper v. State*, 263 Ga. 201, 202 (1) (429 SE2d 668) (1993). Our conclusion as to the sufficiency of the evidence is not affected by the fact that the jury also returned verdicts of not guilty on the charges of felony murder and possession of a firearm during the commission of a felony because "the inconsistent verdict rule has long been abolished in criminal cases. [Cit.]" *Walker v. State*, 271 Ga. 328, 329 (1) (519 SE2d 670) (1999). Viewing the evidence in the light most favorable to the verdict, the jury was authorized to reject the defense's explanation of events and determine that every reasonable hypothesis except defendant's guilt was excluded. *Bagwell v. State*, 270 Ga. 175, 179 (2) (508 SE2d 385) (1998).

Appellant further contends that alibi testimony offered by her mother was unimpeached, direct, positive, and uncontradicted. To the contrary, that testimony was circumstantial in character, and was contradicted by both eyewitness testimony and other circumstantial evidence. Moreover, the testimony offered by Ms. Hamilton constituted an incomplete alibi. Therefore, her testimony "did not demand an acquittal since the jury is the judge of credibility of witnesses and was authorized to disbelieve the alibi testimony. [Cit.]" *Roberts v. State*, 267 Ga. 669, 671 (1) (482 SE2d 245) (1997).

Ms. Givens urges that, although the evidence established that Gardner was an accomplice, it was not sufficient to corroborate his testimony as required by OCGA § 24-4-8. "[A] person cannot be both a party to a crime and an accessory after the fact. 'At common law and under modern practice, an accessory after the fact is not considered an accomplice to the underlying crime itself. . . .' " *State v. Freeman*, 272 Ga. 813, 815 (2) (537 SE2d 92) (2000). Neither mere presence at the scene of the crime nor concealment of the crime makes one an accomplice. *Collins v. State*, 251 Ga. 521, 523 (1) (a) (307 SE2d 496) (1983). The trial court submitted to the jury the question of whether Gardner acted as defendant's accomplice. *Kelly v. State*, 270 Ga. 523, 525 (2) (511 SE2d 169) (1999). There was sufficient evidence for the jury to find that Gardner was guilty of concealing the murder, but the evidence did not demand a finding that he was a party to the crime. See *Bullard v. State*, 263 Ga. 682, 685-686 (1) (436 SE2d 647) (1993). Because the jury was authorized to conclude that Gardner was not an accomplice, corroboration was not required. *Kelly v. State*, supra at 525 (2). Even if Gardner were an accomplice, there was sufficient corroboration of his testimony, including the prior difficulties between the victim and the defendant, her relationship with and

phone call to Walker, and the absence of the other resident and of any forced entry or theft. See *Terrell v. State*, 271 Ga. 783, 786 (3) (523 SE2d 294) (1999).

Accordingly, the evidence was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the malice murder of her husband. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bagwell v. State*, supra at 179 (2); *Peppers v. State*, supra at 339 (1).

2. Appellant claims that the trial court erred by denying her motion in limine and allowing the State to present, without notice and a hearing, improper evidence of the independent crime of adultery between her and Walker. However, the prosecutor neither examined Walker about any adulterous relationship with Ms. Givens, nor presented any other evidence of adultery. The evidence actually admitted was clearly not traditional evidence of similar transactions which would require notice and a hearing under Uniform Superior Court Rule 31.3. *Thomas v. State*, 268 Ga. 135, 137 (5) (485 SE2d 783) (1997); *Fargason v. State*, 266 Ga. 463, 465 (3) (467 SE2d 551) (1996). Furthermore, the trial court is authorized to admit "evidence of a defendant's possible motive for committing a crime, [cit.], and such relevant evidence does not become inadmissible merely because it may incidentally place the defendant's character into evidence. [Cits.]" *Allen v. State*, 272 Ga. 513, 515 (4) (530 SE2d 186) (2000). Evidence of the existence of a close relationship between Ms. Givens and Walker showed that the defendant had a motive to get out of a bad marriage so that she could be with Walker. *Thomas v. State*, 263 Ga. 85, 87 (2) (428 SE2d 564) (1993). Because evidence of the relationship was relevant to the motive for the crimes charged, it was admissible. *Thomas v. State*, 268 Ga., supra at 137 (5); *Fargason v. State*, supra at 465 (3).

The Appellant also specifically complains of the admission of the hearsay testimony of the victim's sister that he told her, a week before his death, that he had seen Ms. Givens with Walker and that they were "dating" or "seeing" each other. According to the victim's sister, he also indicated that this was the reason why he evicted Ms. Givens from the house. Pretermitting whether this testimony is admissible as original evidence to explain conduct and ascertain motives, we conclude that the testimony was admissible under the necessity exception to the hearsay rule. OCGA § 24-3-1 (b); *Roper v. State*, supra at 202 (2). The "necessity" requirement is satisfied because the victim is deceased, the statements are relevant to show motive and, although other testimony revealed the existence of a friendship between Ms. Givens and Walker, there was no other evidence which was as probative of the closeness of their friendship and which revealed that the relationship was the cause of a prior diffi-

culty between the defendant and the victim. See *Azizi v. State*, 270 Ga. 709, 711 (2) (a) (512 SE2d 622) (1999); *Suits v. State*, 270 Ga. 362, 365 (2) (507 SE2d 751) (1998). There was also evidence of particularized guarantees of trustworthiness in that the victim's sister testified that he entrusted her with keys to his truck, that she visited him at his home "all the time," and that she was very close even to Ms. Givens. See *Ward v. State*, 271 Ga. 648, 650-651 (2) (520 SE2d 205) (1999). Compare *McWilliams v. State*, 271 Ga. 655, 656-657 (2) (521 SE2d 824) (1999) ("no evidence that the victim and her sister had such a relationship"). There is nothing to show that the victim had any reason to lie to his sister, who was subject to cross-examination. *Slakman v. State*, 272 Ga. 662, 668 (3) (b) (3) (533 SE2d 383) (2000). Unlike *Carr v. State*, 267 Ga. 701, 706 (3) (482 SE2d 314) (1997), cited by Appellant, this case does not involve a statement by the victim regarding an improper relationship of his own, nor did the victim make inconsistent statements to others. *Azizi v. State*, supra at 712 (2) (a). Compare *Mallory v. State*, 261 Ga. 625, 628 (2) (409 SE2d 839) (1991). Considering the totality of the circumstances, the statements made by the victim to his sister possessed sufficient indicia of trustworthiness, and the trial court did not err in admitting them. *Azizi v. State*, supra at 712 (2) (a); *Ward v. State*, supra at 651 (2).

3. The Appellant contends that the trial court erred by denying her motion in limine and allowing the State to present evidence regarding the insurance policy on the victim's life, which named Ms. Givens as beneficiary, because there was not a sufficient nexus between the policy and the crimes charged, as required by *Stoudemire v. State*, 261 Ga. 49, 50 (3) (401 SE2d 482) (1991).

We have cautioned prosecutors that they incur a severe risk of reversal when they attempt to inject evidence of a life insurance policy without first establishing the required nexus. *Woodham v. State*, 263 Ga. 580, 582 (3) (439 SE2d 471) (1993). However, the prosecutor here never questioned any witness about the victim's policy. See *Woodham v. State*, supra. Although Gardner mentioned the policy, defense counsel had already raised the existence and the $50,000 amount of the policy during cross-examination of the victim's mother. " 'Since defendant first opened the door to this line of questioning, he cannot now complain. (Cits.)' [Cit.]" *Brown v. State*, 193 Ga. App. 26, 28 (4) (386 SE2d 903) (1989). See also *Smith v. State*, 258 Ga. 181, 182 (1) (366 SE2d 763) (1988). Moreover, Gardner's testimony that Ms. Givens promised to give him money for killing the victim from the insurance proceeds satisfies the nexus requirement of *Stoudemire v. State*, supra at 50 (3).

4. Ms. Givens urges that the trial court erred by denying her motion in limine and admitting evidence of two prior difficulties between her and the victim, because there was not a sufficient con-

nection or similarity between these incidents and the crimes charged, and the prejudicial effect of each prior difficulty outweighed the probative value thereof.

The evidence showed that each of the prior incidents, which occurred in 1982 and 1994, involved both a battery upon the defendant and her violent response, once by shooting the victim. The nature of this evidence undermines Appellant's contention that it is inadmissible. *Mallory v. State*, 271 Ga. 150, 153 (7) (517 SE2d 780) (1999). "There is no requirement that the prior difficulty constitute a similar transaction." *Cunningham v. State*, 243 Ga. App. 770, 771 (1) (533 SE2d 735) (2000).

> "(U)nlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. (Cits.)" [Cit.]

*Temple v. State*, 238 Ga. App. 146, 147 (2) (517 SE2d 850) (1999).

> [E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted. [Cits.]

*Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). Where, as here, "the evidence sheds light on the defendant's conduct toward the victim, its relevance outweighs its prejudicial effect." *Cooper v. State*, 256 Ga. 234, 235 (1) (347 SE2d 553) (1986). The lapse of time between the prior difficulties and the offenses charged goes to the weight and credibility of the testimony, and not its admissibility. *Simmons v. State*, 266 Ga. 223, 225 (2) (b) (466 SE2d 205) (1996). The trial court did not err in admitting the evidence of prior difficulties. *Ward v. State*, supra at 651 (3); *Mallory v. State*, 271 Ga., supra at 154 (7).

Appellant also contends that the trial court erroneously admitted medical records from the 1982 incident which contained inadmissible hearsay. However, defense counsel did not accept the offer of the trial court to review the records further and to indicate which portions contained hearsay. For this reason, the trial court ruled that, although the records perhaps contain some inadmissible hearsay, they also contain admissible evidence. Where, as here, medical

records which are admissible in part and inadmissible in part are offered into evidence, and an objection to those records does not identify the specific portions which are inadmissible, the trial court does not err in admitting the entirety of the records. *Corbett v. State*, 266 Ga. 561, 565 (3) (468 SE2d 757) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Jackson & Schiavone, Michael G. Schiavone, Steven L. Sparger,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.