## S04A0227. CHRISTIAN v. THE STATE.
### (596 SE2d 6)

SEARS, Presiding Justice.

Appellant Antonio Christian appeals his convictions for murder, aggravated assault and illegal firearm possession,[1] claiming the evidence failed to warrant the convictions and that his trial counsel was ineffective. Finding no merit to these claims, we affirm.

The evidence of record shows that appellant gave drugs to the victim, Kennedy Holt, in exchange for the latter's promise to pay appellant with proceeds from his paycheck. Along with Katina Bloodworth, appellant drove the victim to a restaurant, where the victim purported to obtain his paycheck. The threesome then drove to a series of check-cashing establishments. The victim claimed that none of the businesses would cash his paycheck, and telephoned his brother to ask for money. Appellant then drove to the victim's house.

---

[1] The crimes occurred on February 28-March 1, 2001, and appellant was indicted on May 18, 2001. Trial was held on August 12-15, 2002, and appellant was sentenced to life in prison for malice murder and a consecutive five year term for illegal firearm possession. A felony murder conviction was treated as surplusage, and an aggravated assault conviction merged as a matter of fact into the conviction for malice murder. A new trial motion was filed on September 3, 2002, and amended on both April 11, 2003, and June 30, 2003. The motion was denied on July 8, 2003. Appellant filed a notice of appeal on July 25, 2003. The transcript was certified on October 2, 2003. The appeal was docketed on October 9, 2003, and submitted for decision on briefs.

Once there, the victim's brother and mother came outside and spoke to the victim as he sat inside appellant's car. When the victim's brother said he had no money, appellant drove away, with the victim and Bloodworth still in the car. It soon became apparent that the victim had no paycheck. Appellant struck the victim, then drove to a secluded spot where he shot and killed the victim. Thereafter, appellant drove Bloodworth to a nearby store. Before she left the car, he warned her to say nothing about the crimes.

Appellant and Bloodworth were jointly indicted for murder and related crimes. Bloodworth pled guilty to obstruction of justice and testified at appellant's trial.

1. Considered in a light most favorable to the verdicts, the evidence introduced at trial was sufficient for rational triers of fact to conclude that appellant is guilty of the crimes for which he was convicted.[2]

Appellant argues that the only witness against him was Bloodworth, and points out that under OCGA § 24-4-8, when the sole witness in a felony trial is an accomplice, a conviction can stand only if there is corroboration of the witness's testimony. However, we conclude that Bloodworth was not an accomplice to appellant's crimes. There is no evidence of record to indicate that Bloodworth participated in committing the crimes. Mere presence at the commission of a crime does not render the spectator an accomplice.[3] Contrary to appellant's argument, the fact that Bloodworth was initially indicted for the victim's murder does not, without more, render her an accomplice.[4] Nor does the fact that Bloodworth may have helped to conceal the crime make her an accomplice within the meaning of OCGA § 24-4-8.[5]

Appellant also claims the State failed to meet its burden because it did not conclusively establish that the crimes were committed on March 1, 2001, as alleged in the indictment. However, the State is not required to prove beyond a reasonable doubt that the crimes occurred on the date alleged in the indictment unless the indictment specifically states that the date of the offense is material,[6] which the indictment in this case failed to do.

2. Appellant urges that his convictions must be reversed because trial counsel rendered ineffective assistance. It is well established that to warrant reversal, appellant must show both that trial coun-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Givens v. State*, 273 Ga. 818, 820 (546 SE2d 509) (2001); *Collins v. State*, 251 Ga. 521, 522-523 (307 SE2d 496) (1983).

[4] *Collins*, 251 Ga. at 523; *Milton v. State*, 248 Ga. 192 (282 SE2d 90) (1981).

[5] *Givens*, 273 Ga. at 820; *Collins*, 251 Ga. at 523.

[6] *Alexander v. State*, 274 Ga. 787, 789 (561 SE2d 64) (2002).

sel's performance was deficient, and that there is a reasonable probability the verdicts would have been different, were it not for counsel's errors.[7]

Having considered the record, we conclude that trial counsel's decisions not to object to leading questions asked by the prosecutor or to a statement of hearsay recounted by the victim's brother were based upon sound trial strategy and were not the result of poor judgment.[8] The leading questions were brief and not abusive, and counsel's opinion that they did not warrant objection was reasonable. The hearsay statement was uttered by the victim to his brother during the telephone call made shortly before the killing, and counsel reasonably based his decision not to object to it upon the belief that the statement may have been admissible as part of the res gestae.[9] Moreover, counsel noted that the hearsay statement was corroborated by appellant's own statement.

The record shows that during Bloodworth's testimony, there was an emotional outburst in the courtroom from the victim's family. After a recess, the trial court granted counsel's request for a curative instruction reminding the jury to evaluate the case based only upon the evidence and testimony. Contrary to appellant's argument, this curative instruction was sufficient to alleviate the potential for prejudice and to ensure a fair trial.[10] Hence, there is no reasonable probability that the result of appellant's trial would have been different if counsel had sought a mistrial in this instance.

Finally, counsel reasonably decided not to request a mistrial when a police officer's testimony referred to appellant's prior criminal history. Counsel believed that even if he had made such a request, a mistrial would not have been granted due to this statement. Counsel also based his decision not to seek a mistrial upon the knowledge that he soon would be putting forth good character evidence to show that appellant did not have a record of conviction, although he had been previously arrested, thereby clarifying any misconceptions that might have been raised by the officer's testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Dell Jackson,* for appellant.
*Paul L. Howard, Jr.,* District Attorney, *Bettieanne C. Hart, Anna*

---

[7] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[8] See *Solomon v. State,* 247 Ga. 27, 28 (277 SE2d 1) (1981).
[9] See OCGA § 24-3-3.
[10] See *Todd v. State,* 274 Ga. 98, 102 (549 SE2d 116) (2001).

*E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.