A06A0712. QUINTERO v. THE STATE.
(631 SE2d 723)

SMITH, Presiding Judge.

Alberto Quintero appeals from his convictions for kidnapping, false imprisonment, cruelty to children in the second degree, and simple battery. Quintero contends the trial court erred by: (1) admitting evidence of his prior difficulties with his wife, one of the victims; and (2) giving the suggested pattern jury charge for kidnapping. Finding no error, we affirm.

1. Quintero contends the trial court should not have admitted evidence of his prior difficulties with his wife because the probative value of the evidence was outweighed by its prejudicial impact. The State's charges against Quintero arose out of a domestic dispute that began when Quintero accused his wife of throwing tortillas at him when she served his dinner. When his wife denied that she had thrown the tortillas at him, Quintero cursed her and hit her on the head. Her oldest son, who was ten years old, witnessed the blow and called his uncle and the police. The wife called her sister-in-law to come and pick her up because she planned to leave her husband and take their children with her.

When the wife tried to get into the sister-in-law's car, Quintero grabbed her from behind, pulled her back to the house, and threw her in the front door. The wife ran out the back door and got into her

sister-in-law's car with her children. As Quintero tried to persuade the wife to get out of the car, the police arrived and arrested him.

The State also introduced evidence that Quintero had abducted his wife from her home in Mexico, locked her in a house, forced her to marry him, hit her on their wedding day, hit her repeatedly on her head during their marriage, grabbed her hair and dragged her through the house, pushed her against a wall with a child in her arms, and forced her to have intercourse immediately after childbirth, causing her tremendous pain.

The trial court did not err by admitting this evidence.

> Evidence of prior difficulties between a defendant and a victim is generally admissible when the crime charged was perpetrated against the victim and the evidence demonstrates: (1) the relationship between the defendant and victim, and (2) the defendant's motive, intent or bent of mind.

(Citation and footnote omitted.) *Tuff v. State*, 278 Ga. 91, 92 (2) (597 SE2d 328) (2004). The evidence "most certainly demonstrated the state of the relationship between appellant and the victim," and was "highly relevant" to show "his abusive bent of mind toward her." Id. The probative value of this evidence was not outweighed by any unfair prejudice. See *Appling v. State*, 246 Ga. App. 556, 557 (541 SE2d 129) (2000).

2. Quintero asserts the trial court erred when it gave the suggested pattern jury charge on kidnapping. See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, § 2.09.10, p. 85 (3d ed. 2003). Quintero finds fault with the portion of the charge providing: "Only the slightest movement of the victim is required to constitute the necessary element of asportation." Quintero argues that the trial court should have defined the asportation element of kidnapping as moving the victim to another location. We find no merit in this argument because the trial court's charge accurately stated the law with regard to the asportation element of kidnapping. See, e.g., *Boykin v. State*, 264 Ga. App. 836, 839 (1) (592 SE2d 426) (2003) ("Only the slightest movement of the victim is required to constitute the necessary element of asportation."). See also *Benton v. State*, 178 Ga. App. 239, 242 (3) (342 SE2d 722) (1986) (no error resulted when trial court gave pattern charge that was correct statement of law).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MAY 19, 2006.

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.