**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 8, 2019**

# In the Court of Appeals of Georgia

A19A0552. SEALS v. THE STATE.

MARKLE, Judge.

Marcus Glenn Seals appeals from the denial of his motion for new trial following his conviction for aggravated assault, burglary, stalking, possession of a firearm during the commission of a crime, and criminal damage to property. On appeal, he argues that he received ineffective assistance of trial counsel due to counsel's failure to object to (a) evidence of his prior difficulties with the victim, and (b) the admission of text messages. For the reasons that follow, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that the victim, C. L., and Seals had been dating on and off since 2002 or 2003. In 2004, they were living together in Alabama, but were arguing frequently, and when C. L. told

Seals that she was leaving him, he slapped her and she threw a vase at him. Despite his temper, C. L. continued the relationship with Seals. In early 2005, Seals tried to attack C. L. when she went to a night club with a friend. When C. L. went back to her apartment that night, she discovered that Seals had broken into her home and taken her dog. Because C. L. was frightened of Seals, she called the police and they escorted her to the highway so she could leave. However, Seals followed her and forced her car to the side of the road. C. L. then got into Seals's car and went home with him. Again, C. L. continued her relationship with Seals, including engaging in consensual sexual contact. In September 2005, Seals visited C. L. uninvited at her workplace, and C. L. called the police. That night, C. L. went to a battered woman's shelter and then drove to Atlanta.

After she moved to Georgia, C. L. did not tell Seals where she was living or working, and did not invite Seals to her apartment, but she continued to speak with him by phone. That November, C. L. received a text message from Seals's phone number with a picture of the house she had stayed in when she first came to Atlanta. A few weeks later, she received another text threatening her after Seals's car was repossessed. The text message came from the phone number C. L. identified as Seals, and read, "I sure hope this $500 was worth what you're about to get done to you," and

2

"Bitch, I'll get you. I'll never forget this shit." C. L. contacted police, but continued to communicate with Seals. She saw Seals again in December 2005 and in January 2006, staying with him during a trip to Alabama. C. L. admitted that she and Seals were intimate, but she stated that she did not want to reestablish a romantic relationship with him.

On the night of February 18, 2006, C. L. went to a club with friends. While she was there, Seals called her, but C. L. told him she could not hear him and would call him later. However, C. L.'s phone died and she was not able to call Seals back. The following morning, C. L. was at home with a former boyfriend, F. S., when she heard someone knock at her apartment door. Immediately thereafter, Seals kicked the door in, entered the apartment, and started shooting. C. L. ran into her bedroom and hid on the floor by her bed. F. S. grabbed his rifle and starting shooting at Seals, but his gun jammed after the first shot. F. S. was shot in the leg and Seals was shot in the torso and arm. C. L. called 911 as Seals fled the apartment. Seals called C. L. later that evening, said he was not trying to hurt her and asked if F. S. was dead.

Following this incident, Seals was indicted on two counts of burglary; two counts of aggravated assault; criminal damage to property; two counts of possession of a firearm during commission of a crime; and two counts of stalking. Prior to trial,

3

the State filed notice of its intent to introduce Seals's prior convictions and other crimes, and to seek recidivist sentencing. Although defense counsel initially reserved his objection to evidence of prior difficulties between the parties, at the beginning of trial, counsel stated there was no objection to such testimony.

Seals testified in his own defense, stating that he and C. L. were in a relationship, and that he went to C. L.'s apartment that night because he was worried when she did not call him back. He admitted that he was angry and had kicked the door in, but he claimed he did not start shooting until F. S. fired at him. Although he denied that he had ever threatened C. L., he admitted sending the text messages. During defense counsel's cross-examination of C. L., counsel asked about inconsistencies in her testimony regarding her relationship with Seals and what she told police the day of the shooting.

The jury convicted Seals on all counts. Seals filed a motion for new trial and an amended motion, arguing, as is relevant to this appeal, that trial counsel was ineffective in failing to object to (a) evidence of prior difficulties between Seals and the victim, and (b) testimony regarding threatening text messages Seals allegedly sent to the victim. The trial court denied the motion for new trial, as amended. Seals now appeals, raising two claims of ineffective assistance of counsel.

To succeed on a claim that counsel was constitutionally ineffective, [Seals] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the . . . test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous. (Citation and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018). Before turning to Seals's claims of error, we note that the trial in this case occurred in 2007, and thus the prior version of our Evidence Code applies. See *Arbegast v. State*, 332 Ga. App. 414, 416 (2) (a) (773 SE2d 283) (2015).

1. In his first enumeration of error, Seals argues that he received ineffective assistance of counsel due to counsel's failure to object to the admission of evidence

5

of prior difficulties, and the evidence was inadmissible because the trial court failed to conduct the required analysis before allowing the evidence. We disagree.

> [P]rior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. Evidence of a defendant's prior act toward the same victim, whether an assault, a quarrel, or a threat, is admissible as evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

(Citation omitted.) *Appling v. State*, 246 Ga. App. 556 (541 SE2d 129) (2000). "Evidence of prior difficulties between the parties is admissible if there is a 'logical, probative connection' between the difficulties and the crimes charged." (Citation omitted.) *Cunningham v. State*, 243 Ga. App. 770, 771 (1) (533 SE2d 735) (2000); see also *Wall v. State*, 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998). Where the defendant claims self-defense, evidence of prior difficulties is relevant and admissible. *Spearman v. State*, 267 Ga. 600, 601 (2) (481 SE2d 814) (1997).

Here, the victim testified to the contentious nature of her relationship with Seals and prior threats he had made. In his own testimony, Seals admitted that the two

fought, and that he sent the messages. He further claimed that he fired his gun in self defense. Thus, the testimony about the prior difficulties between C. L. and Seals was relevant to show Seals's motive, intent, and bent of mind.[1] *Spearman*, 267 Ga. at 601 (2); *Appling*, 246 Ga. App. at 556. Therefore, the evidence was admissible, and trial counsel's failure to object to it was not deficient performance. Notably, counsel did not testify at the hearing on the motion for new trial as to his failure to object, and therefore, we presume the decision was strategic. *Tyner v. State*, 313 Ga. App. 557, 565 (6) (c) (722 SE2d 177) (2012). Seals has failed to overcome this presumption.

Moreover, contrary to Seals's argument, the trial court was not required to hold any pre-trial hearing or make specific findings before admitting evidence of prior difficulties. See *Graham v. State*, 274 Ga. 696, 698 (2) (558 SE2d 395) (2002) (pre-trial hearing and factual findings not required before admitting evidence of prior difficulties); *Wall*, 269 Ga. at 509 (2) (overruling precedent requiring such findings). On these facts, Seals has not shown that he received ineffective assistance of counsel.[2]

---

[1] We note that the trial court gave the jury a limiting instruction regarding the use of such evidence.

[2] To the extent that Seals argues that trial counsel was deficient in failing to investigate the case and interview all the witnesses before trial, he did not enumerate

2. Seals next argues that he received ineffective assistance of counsel when trial counsel failed to object to the officer's testimony regarding the text messages because there was no evidence that Seals sent the messages, and the admission of the testimony violated the best evidence rule. We discern no error.

At the hearing on the motion for new trial, counsel testified that he did not hire any experts or seek to obtain evidence from Seals's wireless carrier, and instead that he tried to make the jury aware of inconsistencies in C. L.'s testimony because the entire case came down to credibility. He further explained that the defense's theory was that Seals acted in self defense.

"The decision of whether to interpose certain objections is a matter of trial strategy and tactics. Errors in judgment and tactical errors do not constitute denial of effective assistance of counsel." (Citations and punctuation omitted.) *Abernathy v.*

---

this ground as an error, and he did not raise this as an allegation of ineffective assistance of counsel in his motion for new trial. Thus, we do not address it. See *Tucker v. State*, 299 Ga. App. 278, 280 (2) (683 SE2d 356) (2009); *McGlocklin v. State*, 292 Ga. App. 162, 163 (664 SE2d 552) (2008) (defendant must raise all ineffective assistance of counsel claims as soon as practicable and the failure to do so waives the claim). Moreover, to the extent that Seals claims error because there was no corroboration of the prior difficulties, Seals testified that he often fought with the victim and that he sent the text messages. Thus, it was for the jury to assess the credibility of the testimonies. *Givens v. State*, 273 Ga. 818, 819 (1) (546 SE2d 509) (2001) ("resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder").

8

*State*, 299 Ga. App. 897, 903 (3) (a) (685 SE2d 734) (2009). Moreover, counsel's performance cannot be deficient for the failure to make a meritless objection. *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010).

On this record, Seals cannot show that counsel's performance was deficient. First, to the extent that Seals contends there was no foundation to establish the text messages came from him, Seals admitted in his testimony that he sent the messages, and he admitted the testimony regarding the content of those messages was correct. Additionally, C. L. testified that the messages came from a number she recognized as Seals's number. Finally, a detective testified that he viewed the messages and had written down the content. This evidence was sufficient to establish that Seals sent the messages. Cf. *Carter v. State*, 302 Ga. 685, 690 (4) (808 SE2d 704) (2017) (in case decided under the Old Evidence Code, there was no error in admission of text messages where recipient testified that she was involved with the defendant, had saved his number in her contacts, and the messages included information that identified him as the sender); see also *Brown v. State*, 266 Ga. 723, 725 (3) (470 SE2d 652) (1996) ("Georgia law requires that there be a sufficient basis for a witness to identify a person with whom he spoke over the telephone, before testifying as to the contents of the conversation."). Because there was a sufficient foundation to admit

9

the evidence, any objection to it would have been meritless, and counsel's performance was not deficient. *Wesley*, 286 Ga. at 356 (3) (a).

Turning to Seals's claim that the testimony about the content of the messages violated the best evidence rule, Seals again fails to show that he received ineffective assistance of counsel.

"The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing." (Citation and punctuation omitted.) *Pierce v. State*, 302 Ga. 389, 397 (2) (b) (807 SE2d 425) (2017).

Here, Seals cannot show that he was prejudiced by counsel's failure to object to the officer's testimony regarding the messages on best evidence grounds. Seals failed to demonstrate that the State would have been unable to introduce the original test messages or explain their absence. OCGA § 24-5-4 (2012), repealed by Ga. L. 2011, p. 99, § 2 (effective Jan. 1, 2013) ("The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for."). Thus, he has failed to show "a reasonable probability that, but for counsel's failure to assert . . . best evidence rule objection[s], the trial's result would have been different." (Citations and punctuation omitted.) *Smith v. State*, 317 Ga. App. 801, 806 (3) (c) (732 SE2d 840) (2012); *Garrett v. State*, 285 Ga. App. 282, 287

(5) (c) (645 SE2d 718) (2007) ("Pretermitting whether a best evidence objection had merit, . . . Garrett did not show that if trial counsel had made a best evidence objection that the State could not have introduced the original writing or satisfactorily accounted for its absence.").

Moreover, although Seals contends that the outcome of his trial would have been different had counsel objected to the officer's testimony about the text messages, the basis of his argument is that the State's case was "weak." But both C. L. and F. S. testified consistently that Seals kicked in the apartment door and fired first. The jury credited this testimony over Seals's testimony that he acted in self-defense, and it was within their province to do so. *Feldman v. State*, 282 Ga. App. 390, 391 (638 SE2d 822) (2006). Contrary to Seals's argument, the evidence against him was not "weak," and he has not shown prejudice from counsel's failure to object to the officer's testimony. Accordingly, Seals has not met his burden to show he received ineffective assistance of counsel, and we affirm the denial of his motion for new trial.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur*.